### ROEHR v. BLISS et al.

(Circuit Court, D. Connecticut.  November 17, 1899.)

#### No. 931.

PATENTS—INVENTION—DOOR FRAMES.
    The Boda patent, No. 385,233, for finishing of house interiors, as to claims 1, 2, and 3, which cover, as an article of manufacture, a completed door frame, consisting of the facings and jamb divided longitudinally in two parts, so that the parts may be applied to the opposite sides of the wall opening, and locked together to form the finished frame, is void for lack of patentable invention.

This was a suit in equity by Charles Roehr against Watson H. Bliss & Sons and others for infringement of a patent.

Chas L. Burdett, for complainant.
Hungerford, Hyde, Joslyn & Gilman, for defendants.

TOWNSEND, District Judge.  Final hearing on bill and answer raising the question of validity of the first three claims of complainant's patent No. 385,233, granted June 26, 1886, to William J. Boda, for finishing of house interiors.  This patent has already been considered by Judge Shipman in an opinion denying a motion for a preliminary injunction herein.  82 Fed. 445.  Said claims are as follows:

"(1) As a new article of manufacture, a completed door frame, consisting of the facings and the jamb divided longitudinally in two parts, the sections being secured to opposite facings, and adapted to be applied to the wall opening from opposite sides, substantially as described. (2) As a new article of manufacture, a completed door frame, consisting of the facings and an interlocking jamb divided longitudinally in two parts, the sections being secured to the opposite facings, and adapted to be applied to the wall opening from

opposite sides, and locked together, substantially as described. (5) As a new article of manufacture, a completed door frame, consisting of the facings and the jamb divided longitudinally in two parts, having their abutting faces tongued and grooved, respectively, the sections being secured to the opposite facings, and adapted to interlock with each other when the two parts of the frame are applied to the wall opening from opposite sides, substantially as described."

A saving of time and money is accomplished by cutting the jambs of a completed door frame longitudinally in two, and putting the parts together at the factory, instead of at the house. Inasmuch as such results are not patentable, it is not clear what patentable subject-matter is attempted to be covered by the foregoing claims. Completed door frames, solid jambs, and divided jambs were old. It was old to assemble the parts of a completed door frame at the building. The patentee practically admits that the sole difference between the prior art and his patent consists in having the completed door frame made at the factory instead of at the building. He says:

"Q. 14. Did you find any difficulty in getting your invention of said patent in suit adopted by builders and carpenters? A. Yes, I did, on account of the radical change from the old way of taking the work from the mill to the house in pieces and parts, there fitting these different parts into place, and nailing to the door jambs and the wall. Carpenters, being accustomed to this old way, condemned my patent, because of the work being taken out of their hands, and being placed in the hands of the manufacturer at the factory."

If a carpenter has the separate pieces of a door frame delivered to him at the building, or cuts them out himself, and inserts them in the door opening separately, he does not practice Boda's alleged invention: but if the man gets them out, or has them delivered to him, at the factory, and there fastens some of them together, so that he can carry them to the building in two sections, each section consisting of a half jamb and the casing on one side of the door, and so that they can be applied to the door opening from opposite sides, then he does practice Boda's alleged invention. The same man accomplishes the same result in each case by the use of the same instrumentalities upon the same material consisting originally of the same number of separate pieces. It is unnecessary to consider the defenses of prior use and noninfringement. Let the bill be dismissed.